IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MONDO POLYMER TECHNOLOGIES, INC., | CASE NO. 2:07CV1054 |
| Plaintiff, | JUDGE GREGORY L. FROST |
| vs. | |
| MONROEVILLE INDUSTRIAL MOLDINGS, INC., | |
| Defendant. | |

**DEFENDANT MONROEVILLE INDUSTRIAL MOLDINGS, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Monroeville Industrial Moldings, Inc. ("Defendant" or "Monroeville"), for its Answer to the Complaint filed by Plaintiff Mondo Polymer Technologies, Inc. ("Plaintiff" or "Mondo Polymer"):

**NATURE OF THE ACTION**

1. Admits that Mondo Polymer alleges that this is an action for patent infringement under the patent laws of the United States, Title 35, United States Code but otherwise denies the allegations in Paragraph 1 of the Complaint.

**THE PARTIES**

2. Denies for lack of knowledge the allegations in Paragraph 2 of the Complaint.

3. Admits that Monroeville is an Ohio corporation having a place of business at 21 Hamilton Street, Monroeville, Ohio 44847, is engaged in the manufacture, offer for sale, and/or sale of molded plastic products including offset blocks, and offers for sale and sells offset blocks in this judicial district; but otherwise denies the allegations in Paragraph 3 of the Complaint.

{1312056:2}

## JURISDICTION AND VENUE

4. Admits that this Court has subject matter jurisdiction over this action, as Mondo Polymer purports to bring this action under the patent laws of the United States.

5. Admits that venue is proper in this judicial district.

## BACKGROUND FACTS

6. Denies for lack of knowledge the allegations in Paragraph 6 of the Complaint.

7. Admits that United States Design Patent No. D473,954 ("the '954 patent") is entitled "Offset Block" and that it issued on April 29, 2003; but otherwise denies the allegations in Paragraph 7 of the Complaint.

8. Denies for lack of knowledge the allegations in Paragraph 8 of the Complaint.

9. Admits the allegations in Paragraph 9 of the Complaint.

## COUNT I

10. Repeats and incorporates its prior denials, admissions, and averments as if fully written herein in response to Paragraph 10 of the Complaint.

11. Denies the allegations in Paragraph 11 of the Complaint.

12. Denies the allegations in Paragraph 12 of the Complaint.

13. Denies the allegations in Paragraph 13 of the Complaint.

14. Denies each and every allegation contained in the Complaint, including headings, parentheticals or unnumbered paragraphs, except as expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

15. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

16. Plaintiff's claims are barred under the doctrine of waiver.

## Third Affirmative Defense

17. Plaintiff lacks the capacity and has no authority or standing to bring some or all of the claims set forth in the Complaint.

## Fourth Affirmative Defense

18. Plaintiff's claims are barred on the basis of acquiescence.

## Fifth Affirmative Defense

19. Plaintiff's claims are barred by equitable estoppel.

## Sixth Affirmative Defense

20. Plaintiff's claims are barred on the basis of abandonment.

## Seventh Affirmative Defense

21. Plaintiff's claims are barred on the basis of laches.

## Eighth Affirmative Defense

22. Plaintiff's claims are barred on the basis of unclean hands.

## Ninth Affirmative Defense

23. The '954 patent is invalid.

## Tenth Affirmative Defense

24. The '954 patent is unenforceable.

## Eleventh Affirmative Defense

25. The '954 patent is functional.

{1312056:2}

### Twelfth Affirmative Defense

26. Defendant expressly reserves the right to supplement or amend its Answer as any further defenses are made known during discovery.

### COUNTERCLAIMS

Defendant/Counterclaimant Monroeville Industrial Moldings, Inc., a/k/a Burkett Molding, Inc. ("Monroeville"), by its undersigned attorneys, counterclaims against Plaintiff Mondo Polymer Technologies, Inc. ("Mondo Polymer") and avers as follows:

### Jurisdiction and Venue

1. This action arises under the patent laws of the United States, Title 35, United States Code. The Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 2201 for a declaratory judgment of invalidity, non-infringement and unenforceability of United States Design Patent No. D473,954 ("the '954 patent").

2. This action is based upon an actual and continuing controversy between the parties with respect to the purported validity, enforceability and infringement of the '954 patent. In particular, Mondo Polymer has filed a Complaint in this Court accusing Monroeville of infringing the '954 patent.

3. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400 and in accordance with the parties' stipulation.

### General Allegations

4. Monroeville is an Ohio corporation having its principal place of business at 21 Hamilton Street, Monroeville, Ohio 44847.

5. Upon information and belief, Mondo Polymer is an Ohio corporation having its principal place of business at Newport Pike, Marietta, Ohio 45750.

{1312056:2}

### First Counterclaim – Declaration of Non-Infringement

6. Monroeville reavers and incorporates by reference each averment contained in Paragraphs 1 through 5 of the Counterclaims as if fully set forth herein.

7. An actual, substantial and justiciable controversy exists between Monroeville and Mondo Polymer regarding the alleged infringement of the '954 patent.

8. Mondo Polymer alleged in its Complaint that Monroeville has infringed the '954 patent.

9. While Paragraph 7 of Mondo Polymer's Complaint states that it attached the '954 patent as Exhibit 1, Mondo Polymer did not attach a copy of the '954 patent to the Complaint. A copy of the '954 patent is attached as Exhibit 1.

10. Mondo Polymer's Complaint does not identify which offset block from Monroeville infringes the '954 patent.

11. Monroeville does not now infringe and has not infringed the '954 patent.

12. Unless prevented through this action, Mondo Polymer will continue to assert groundless charges of infringement based on the '954 patent against Monroeville.

13. Monroeville seeks, and is entitled to, a declaratory judgment that it does not infringe the '954 patent.

14. Mondo Polymer's conduct renders this an exceptional case within the provision of 35 U.S.C. § 285, and Monroeville is accordingly entitled to an award of its attorneys' fees.

### Second Counterclaim – Declaration of Invalidity of '954 Patent

15. Monroeville reavers and incorporates by reference each averment contained in Paragraphs 1 through 14 of the Counterclaims as if fully set forth herein.

{1312056:2}

16. An actual, substantial and justiciable controversy exists between Monroeville and Mondo Polymer regarding the invalidity of the '954 patent.

17. The '954 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, 111, 112, 113, 115 or 116. Specifically, and without limitation, the so-called ornamental design is either functional or is not new, as it appears in prior art.

18. Unless prevented through this action, Mondo Polymer will continue to assert acts of enforcement or lawsuits based on the '954 patent against Monroeville.

19. Monroeville seeks, and is entitled to, a declaratory judgment that the claim of the '954 patent is invalid under 35 U.S.C. §§ 101, 102, 103, 111, 112, 113, 115 or 116.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Monroeville prays for a judgment as follows:

A. A judgment dismissing Mondo Polymer's Complaint with prejudice in its entirety;

B. Monroeville, and any of its customers, do not infringe the '954 patent;

C. A judgment declaring that the '954 patent is invalid and unenforceable;

D. A judgment permanently enjoining and restraining Mondo Polymer, its officers, employees, agents and all persons in active concert or participation with Mondo Polymer from asserting that Monroeville's sales activities constitute an infringement of the '954 patent, and from any and all acts giving rise to Monroeville's Counterclaims;

E. Awarding Monroeville its attorneys' fees, costs and expenses pursuant to 35 U.S.C. § 285 and this Court's inherent authority to award such fees, costs and expenses; and

F. Such other and further relief, both legal and equitable, as the Court deems just and proper.

## JURY DEMAND

Monroeville demands a jury as to all issues triable to a jury as matter of law.

Respectfully submitted,

DATED: October 19, 2007

/s/ David B. Cupar
David B. Cupar (0071622)
dcupar@mcdonaldhopkins.com
David T. Movius (0070132)
dmovius@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Attorneys for Defendant*
*Monroeville Industrial Moldings, Inc.*

## CERTIFICATE OF SERVICE

This will certify that, on October 19, 2007, a copy of the foregoing *Defendant Monroeville Industrial Moldings, Inc.'s Answer, Affirmative Defenses, and Counterclaims* was electronically filed by Electronic Case Filing (ECF). The parties can retrieve a copy of the foregoing through the Court's ECF System.

/s/ David B. Cupar
*One of the Attorneys for Defendant*
*Monroeville Industrial Moldings, Inc.*

{1312056:2}