IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONDO POLYMER TECHNOLOGIES, INC. | ) ) ) | |
| Plaintiff, | ) | Case No. Case No. 1:07 cv 1054-GLF-NMK |
| vs. | ) ) | Judge: Frost |
| MONROEVILLE INDUSTRIAL MOLDINGS, INC. | ) ) ) | |
| Defendant. | ) ) | |

### PLAINTIFF MONDO POLYMER TECHNOLOGIES, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Defendant Monroeville Industrial Moldings, Inc. ("Monroeville") is attempting to take unfair advantage of the fact that it noticed and took the depositions of James Bir, Nevil Garrett, and Marnie Sniezko after Plaintiff Mondo Polymer Technologies, Inc. ("Mondo Polymer") filed its Opposition to Monroeville's Motion for Summary Judgment of Non-Infringement.  To that end, Monroeville filed a Reply (Docket No. 39) that includes a shamelessly incomplete and arguably deceptive summary of the depositions of these witnesses, all the while recognizing that Mondo Polymer had already filed its Opposition and hoping the Court would never be the wiser.  Mondo Polymer brought this fact to the Court's attention through its Notice of Filing Relevant Portions of Deposition Transcripts (Docket No. 42), attached to which are relevant portions of these depositions that provide necessary context to and shed light on Monroeville's incomplete representations.  Monroeville is now attempting to cover-up its conduct through its Motion to Strike (Docket No. 43).  Monroeville's sharp tactics should not be countenanced, and its Motion to Strike should be denied.

Mondo Polymer submits that this Court should consider the portions of the depositions of these witnesses intentionally left out by Monroeville. Given that Monroeville filed a Notice of Filing Relevant Portions of Certified Final Copies of Deposition Transcripts after Monroeville filed its Reply, Mondo Polymer submits that it should be allowed to do the same without seeking and obtaining leave of Court. However, if the Court determines that leave of Court to file a surreply is required, Mondo Polymer respectfully requests that the Court deem its Notice of Filing Relevant Portions of Deposition Transcripts (Docket No. 42) and this Opposition as a request for leave of Court pursuant to Local Rule 7.2(a)(2) to file these relevant portions of these depositions.

In support, Mondo Polymer submits that good cause exists for granting Mondo Polymer leave of Court to submit these relevant portions of these depositions. First, as noted above, the portions of the depositions submitted by Mondo Polymer did not exist at the time it filed its Opposition because the depositions of these witnesses were noticed and taken (by Monroeville) after Mondo Polymer filed its Opposition. For this reason, Mondo Polymer did not have a previous opportunity to submit this particular testimony.

Second, Monroeville's Reply is laden with wholly incomplete summaries and descriptions of the testimony of these witnesses, and the portions of the depositions submitted by Mondo Polymer are necessary to provide the Court with a full and accurate picture of the evidence in this case. By way of example only, Monroeville characterized these witnesses as experts offering conclusory opinions. (Monroeville's Reply, at pp. 8-9). The portions of the depositions submitted by Mondo Polymer provide the Court with accurate information about the witnesses' personal knowledge of the products and other facts involved in this case. Further, in its Motion to Strike, Monroeville characterizes the following statement as false: "…Ms. Sniezko

2

testified that 'the Mondo Polymer offset block looks substantially the same as United States Patent No. D473,954.'" (Monroeville's Motion, at p. 2). It is incredible that Monroeville would represent to the Court that this statement is false, given Ms. Sniezko's testimony:

> Q: Does the physical sample of the Mondo block that you're aware of look substantially the same as the figures shown in the '954 patent as Exhibit A?
>
> A: It appears to be. Yes, it does.
>
> Q: Do you see any differences between the Mondo block, the physical block, and the figures shown – depicting an offset block in Exhibit A?
>
> A: I see no difference at all.

(Sniezko Dep., at 82:14-83:1) (objections omitted). Without the portions of the depositions submitted by Mondo Polymer, the Court would be none the wiser to Monroeville's characterization of the testimony of these witnesses.

Third, Monroeville filed a similar notice of filing certain portions of these same deposition transcripts. (Docket No. 40). It follows that Mondo Polymer should be afforded the same opportunity.

Fourth, case law supports the submission of deposition testimony not available at the time an opposition to a motion for summary judgment is filed, particularly when portions of those depositions are necessary to put into context portions previously submitted.[1] (*See Eastham v. Sprickman*, Case No. C05-141Z, 2006 U.S. Dist. LEXIS 22626, at * 4-5 (W.D. Wa. Mar. 30, 2006)) ("Additionally, the sur-reply provides several lengthy quotations from Eastham's deposition in an effort to put those quotations, which were cited by Defendants, into context…The Court grants Plaintiff's motion to supplement the record with additional portions of Eastman's deposition…"); *Weizeorick v. ABN AMRO Mortgage Group*, Case No. 01-c-713,

---

[1] None of the cases cited by Monroeville in support of its Motion to Strike deal with the factual circumstances presented here, where depositions were taken after a party filed a primary memorandum.

2004 U.S. Dist. LEXIS 15467, at * 7 (N.D. Ill. Aug. 3, 2004) ("In the end, ABN is not prejudiced by Weizeorick's decision, however, because the Court granted ABN's leave to file the sur-reply in part and considered its spin on the deposition testimony offered by Weizeorick for the first time in his reply."); *Groobert v. President and Directors of Georgetown College*, 219 F. Supp. 2d 1, 13 (D.C. 2002) ("Additionally, the plaintiff's first surreply contains the deposition of Ms. Kinne, which was not available at the time the plaintiff filed his opposition to the defendant's motion for partial summary judgment.  The court allows the plaintiff to file this portion of his first surreply because the inclusion of Ms. Kinne's deposition would not be 'unduly prejudicial' to the defendant.").

Fifth, there can be no prejudice to Monroeville whatsoever.  On this point, it should be noted that Monroeville elected to take the depositions of Messrs. Bir and Garrett and Ms. Sniezko.  Monroeville should not be heard to argue undue prejudice regarding testimony elicited from depositions it initiated.  (*See Am. Forest & Paper Ass'n, Inc. v. EPA*, Case No. 93-cv-0694, 1996 U.S. Dist. LEXIS 13230, at * 11-12 (D.C. Sept. 4, 1996)) ("Moreover, EPA's proposed surreply is helpful to the adjudication of the summary judgment motions in this case, and is not unduly prejudicial to AFPA."); *Groobert*, 219 F. Supp. 2d at 13 (D.C. 2002) ("The court allows the plaintiff to file this portion of his first surreply because the inclusion of Ms. Kinne's deposition would not be 'unduly prejudicial' to the defendant.").

For these reasons, Mondo Polymer submits that it has demonstrated good cause warranting leave of Court to submit for the Court's consideration the portions of the depositions attached to Mondo Polymer's Notice of Filing Relevant Portions of Deposition Transcripts (Docket No. 42).  Leave is particularly appropriate given that these portions of the depositions provide necessary clarification and context to Monroeville's representations.  *Eastham*, 2006

U.S. Dist. LEXIS 22626, at * 4-5.  Thus, Mondo Polymer respectfully requests that the Court consider its Notice of Filing Relevant Portions of Deposition Transcripts (Docket No. 42) and this Opposition as a request for leave to file a surreply pursuant to Local Rule 7.2(a)(2) and that the portions of depositions attached thereto be considered by the Court.  Mondo Polymer also respectfully requests that Monroeville's Motion to Strike be denied.

Respectfully submitted,

Dated: June 17, 2009

s/ Brett A. Schatz
Brett A. Schatz  (0072038)
bschatz@whepatent.com
Theodore R. Remaklus  (0061557)
tremaklus@whepatent.com
P. Andrew Blatt  (0069575)
dblatt@whepatent.com
Trial Attorneys
WOOD, HERRON & EVANS, L.L.P.
441 Vine Street, 2700 Carew Tower
Cincinnati, Ohio 45202-2917
(513) 241-2324
(513) 241-6234 (Facsimile)
Attorneys for Plaintiff Mondo Polymer
Technologies, Inc.

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 17, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: David B. Cupar, David T. Movius, and Ryan M. Fitzgerald, and I hereby certify that a copy of the foregoing was served via First Class Mail on David B. Cupar, David T. Movius, and Ryan M. Fitzgerald, attorneys for Defendants, this 17th day of June, 2009.

                                                   Brett A. Schatz